# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50793
consolidated with
23-50804

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cristobal Castillo-Velasquez,

*Defendant—Appellant*,

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:21-CR-989-1, 2:21-CR-1153-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Cristobal Castillo-Velasquez appeals his conviction and sentence for illegal reentry into the United States in violation of 8 U.S.C. § 1326 as well as the judgment revoking his term of supervised release for a prior offense. The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

23-50793
c/w No. 23-50804

latter challenge is unbriefed and thus abandoned. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

On appeal, Castillo-Velasquez contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although Castillo-Velasquez acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review and has filed an unopposed motion for summary disposition.

Because Castillo-Velasquez is correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, Castillo-Velasquez's motion is GRANTED, and the district court's judgments are AFFIRMED.